Peradotto, J.P.
(concurring). I agree with petitioners that Supreme Court erred in granting respondents’ pre-answer cross motion to dismiss the petition as time-barred and denying as moot petitioners’ motion for leave to amend the petition. However, inasmuch as my rationale for reaching that conclusion differs from the plurality, I concur in the result only.
There is no dispute that this CPLR article 78 proceeding is governed by the statute of limitations period set forth in CPLR 217 (1), which requires that a petitioner commence the proceeding “ ‘within four months after the determination to be reviewed becomes final and binding upon the petitioner’ ” (Walton v New York State Dept. of Correctional Servs., 8 NY3d 186, 194 [2007]). “An administrative determination becomes ‘final and binding’ when two requirements are met: completeness (finality) of the determination and exhaustion of administrative remedies. ‘First, the agency must have reached a definitive position on the issue that inflicts actual, concrete injury and second, the injury inflicted may not be . . . significantly ameliorated by further administrative action or by steps available to the complaining part/ ” (id. at 194). Here, the undated letter indicating that respondent West Seneca Central School District (District) would no longer offer retirees under age 65 the option of carrying health insurance through the active employee Blue Cross/Blue Shield plan constituted respondents’ definitive position on that issue, which could not have been “ ‘significantly ameliorated by further administrative action or by steps available to [petitioners]’ ” (id.; see Matter of School Adm’rs Assn. of N.Y. State v New York State Dept. of Civ. Serv., 124 AD3d 1174, 1177 [2015], lv denied 26 NY3d 904 [2015]). Contrary to petitioners’ contention, the District’s subsequent action in granting an extension to affected retirees with respect to the effective date of the final determination “was merely incidental to that determination” and did not affect its finality (Matter of S.S. Canadiana Preserv. Socy. v Boardman, 262 AD2d 961, 962 [1999]; see School Adm’rs Assn. of N.Y. State, 124 AD3d at 1177-1178; Matter of Metropolitan Package Store Assn. v Duffy, 143 AD2d 832, 833 [1988], lv denied 73 NY2d 705 [1989]).
I nonetheless agree with petitioners that respondents failed to meet their initial burden of establishing that the petition was untimely because the time to commence the proceeding had expired, which required that respondents establish, inter alia, when the statute of limitations began to run (see generally Matter of Village of Westbury v Department of Transp. of State *1620 of N.Y., 75 NY2d 62, 73 [1989]; Larkin v Rochester Hous. Auth., 81 AD3d 1354, 1355 [2011]). Initially, the nature of the determination must be ascertained in order to resolve when the statute of limitations began to run. I agree with the parties and the dissent that respondents’ decision to no longer offer retirees under age 65 the option of carrying health insurance through the active employee plan was a quasi-legislative determination (see Matter of Owners Comm. on Elec. Rates v Public Serv. Commn. of State of N.Y., 76 NY2d 779, 780 [1990], revg on dissenting op of Levine, J., 150 AD2d 45, 51-54 [1989]; see generally School Adm’rs Assn. of N.Y. State, 124 AD3d at 1175-1176). The nature of the determination, i.e., the decision of a school district to discontinue offering certain of its retirees enrollment access to a particular health insurance plan, has none of the hallmarks of quasi-judicial decision-making (see Vincent C. Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C7801:2).
“In the context of quasi-legislative determinations . . . , actual notice of the challenged determination is not required in order to start the statute of limitations clock; rather, the statute of limitations begins to run once the administrative agency’s ‘definitive position on the issue [becomes] readily ascertainable’ to the complaining party” (School Adm’rs Assn. of N.Y. State, 124 AD3d at 1176-1177; see Owners Comm. on Elec. Rates, 150 AD2d at 53 [Levine, J., dissenting]). Thus, a quasi-legislative determination becomes binding, and the statute of limitations begins to run, on the date that the aggrieved party is constructively notified of the challenged determination, i.e., when that determination becomes readily ascertainable to the aggrieved party (see School Adm’rs Assn. of N.Y. State, 124 AD3d at 1176-1177; see generally Village of Westbury, 75 NY2d at 72).
Respondents assert that the statute of limitations began to run on June 5, 2014, when they mailed the undated letter to the affected retirees, and that the proceeding was commenced on October 10, 2014 after expiration of the four-month statute of limitations period. While respondents established that they mailed the undated letter, both their submissions and the case upon which they rely, Matter of Jones v Board of Educ. of Watertown City School Dist. (30 AD3d 967, 968-969 [2006]), fail to explain how that action alone, i.e., placing the letter in the custody of the United States Postal Service on June 5, 2014 for regular delivery, could have rendered the determination contained in that letter readily ascertainable to the affected retirees on that same date. The record does not establish that *1621 respondents undertook any other notification procedures to disseminate the subject information that would have adequately provided petitioners with constructive notice of the District’s determination on that date (cf. Owners Comm. on Elec. Rates, 150 AD2d at 52 [Levine, J., dissenting]; School Adm’rs Assn. of N.Y. State, 124 AD3d at 1177-1178). The email received by the District’s personnel supervisor from a Blue Cross/Blue Shield representative on June 9, 2014, which was submitted by respondents in support of their cross motion, contained only hearsay statements from unidentified retirees that they were going to lose coverage after June 30, 2014. Those hearsay statements are insufficient to establish that the determination was readily ascertainable to petitioners by the date of the email, which would also render the petition untimely (see generally Feis v A.S.D. Metal & Mach. Shop, 234 AD2d 504, 505 [1996]; R. Bernstein Co. v Popolizio, 97 AD2d 735, 735 [1983]). Inasmuch as respondents failed to meet their initial burden on the cross motion in that regard, I conclude that the court erred in dismissing the petition as time-barred. It is on that basis alone that I agree with the plurality to reverse the judgment, deny respondents’ cross motion, reinstate the petition, and grant respondents 20 days from service of the order of this Court with notice of entry to serve and file an answer. I likewise agree with the plurality that the matter must be remitted to Supreme Court to determine petitioners’ motion for leave to amend the petition.
NeMoyer and Curran, JJ., dissent and vote to affirm in the following memorandum.